IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 06-cv-01337-WYD

EDWARD J. WEDELSTEDT,

    Petitioner,

v.

RON WILEY, Warden, Federal Correctional Institution – Camp Florence, Colorado,

    Respondent.

## ORDER

    Petitioner has filed through counsel a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by a Prisoner in Federal Custody" and a "Motion for a Temporary Restraining Order or, in the Alternative, an Expedited Briefing and Argument Schedule on His Petition for Writ of Habeas Corpus." Petitioner is a prisoner in the custody of the United States Bureau of Prisons (BOP). Petitioner is challenging a BOP rule that prevents him from being placed in a community-based facility prior to the last ten percent of his sentence. Petitioner argues that he should be eligible for such a placement on November 10, 2006. However, he asserts that the BOP has determined he is not eligible for such a placement until April 2007. He seeks a temporary restraining order to prohibit Respondent from enforcing the rule against him or, in the alternative, an expedited briefing and argument schedule to prevent his claim from becoming moot. I already have entered an order directing Respondent to show cause

by August 4, 2006, why the petition should not be granted.

Petitioner's request for a temporary restraining order will be denied. A party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Petitioner fails to demonstrate that any immediate and irreparable injury will result in the absence of an order restraining Respondent from enforcing the rule against Petitioner. According to Petitioner's own calculations, he is not eligible for a community-based placement until November 10, 2006.

Petitioner's alternative request for an expedited briefing and argument schedule also will be denied. As noted above, Respondent already has been ordered to show cause by August 4, 2006, why the petition should not be granted. At this time it is not clear what further briefing and/or argument may be necessary. Therefore, it would be premature to set a briefing and argument schedule. Accordingly, it is

ORDERED that the "Motion for a Temporary Restraining Order or, in the Alternative, an Expedited Briefing and Argument Schedule on His Petition for Writ of Habeas Corpus" filed on July 11, 2006, is **DENIED**.

Dated: July 26, 2006

                                                     BY THE COURT:

                                                    s/ Wiley Y. Daniel
                                                    Wiley Y. Daniel
                                                    U. S. District Judge